UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DENISE J. HENNE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 3:17-cv-26 |
| | ) |
| AZTECA MILLING, L.P. d/b/a | ) |
| AZTECA MILLING | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**
(Demand for Trial by Jury)

Plaintiff, Denise J. Henne ("Henne"), by counsel, state her cause of action against Defendant, Azteca Milling, L.P. doing business as Azteca Milling ("Azteca" or "Defendant"), as follows:

I.
INTRODUCTION

1. Plaintiff Henne complains and alleges that Defendant has, and continues to, violate the Equal Pay Act of 1963 ("EPA"), as amended, due to the sex-based wage discrimination between her and her male co-workers working in the same establishment who perform jobs that require substantially equal skill, effort and responsibility under similar working conditions.

2. Plaintiff Henne and her male coworkers were salaried employees of Defendant Azteca over at least the last three (3) years. Defendant knowingly,

deliberately, and voluntarily failed to pay Plaintiff commensurate with the wages Defendant paid to Plaintiff's male coworkers during the time period in question.

3. Consequently, Defendant's conduct violates the EPA because of the EPA mandate that an employer discriminate in compensation for employees based solely upon the gender of the employees.

4. So, Plaintiffs Henne seeks to recover all wages and other damages owed to her under the EPA in order to remedy the extensive and sweeping violations of the EPA. These violations of the law deprived Plaintiffs Henne of lawfully earned wages.

II.
SUBJECT MATTER JURISDICTION AND VENUE

5. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the Equal Pay Act of 1963. The Equal Pay Act was passed in 1963 as an amendment to the Fair Labor Standards Act and can be found at 29 U.S.C. § 206(d).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the action giving rise to this claim occurred in this District, including a number of the wrongs herein alleged.

## III.
## PARTIES AND PERSONAL JURISDICTION

7. Plaintiff Henne is an individual who, at all times relevant hereto, has resided in Mt. Carmel, Illinois.

8. Defendant, Azteca, is a limited partnership created under the laws of the State of Texas. Defendant Azteca does business within the geographic boundaries of the Southern District of Indiana and has a registered agent in the State of Indiana.

9. This Court has personal jurisdiction over Defendant because the Defendant has purposefully availed itself of the privileges of conducting activities in the State of Indiana. The activities in Indiana constitute minimum contacts sufficient to confer jurisdiction. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice, and such assumption of jurisdiction is consistent with the due process requirements of the Constitution.

10. The continuous and systematic contacts of Defendant with the state are sufficient to establish general jurisdiction upon Defendant.

11. Defendant maintains a place of business located in Vanderburgh County, Indiana. Further, Defendant employs Indiana citizens, holds property rights in Indiana, advertises for services in Indiana, and a considerable portion of Defendant's total business activities occur in Indiana.

12. This cause of action arose from or relates to Defendant's contacts with Indiana, thereby conferring specific jurisdiction as well.

13. In particular, Defendant employed Indiana citizens and citizens of other States that worked in Indiana, such as Plaintiff Henne, and yet failed to compensate Plaintiff Henne according to the clear strictures of the EPA.

## IV.
## EPA COVERAGE

14. At all material times, Defendant has been an employer within the meaning of the EPA. 29 U.S.C. § 203(d).

15. At all material times, Defendant has been an enterprise within the meaning of 29 U.S.C. 203(r).

16. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact that Defendant has had and continues to have employees engaged in commerce.

17. Defendant has an annual gross business volume of not less than $500,000.00 thereby exceeding the statutory minimum for FLSA actions.

18. At all times relevant hereto, Plaintiff Henne met the definition of an employee under the EPA.

## V.
## FACTS

19. Defendant Azteca is a division of Gruma Corporation. Defendant Azteca is a producer of Maseca. Maseca is a prepared corn flour used for making tortillas and other foods. Maseca is made up of ground dried corn that's been

previously soaked in lime water. With over 50 years of experience Gruma holds itself out as the world's largest producer of corn masa flour.

20. Employees, such as Plaintiff Henne, serve an important role in the Evansville business location of Defendant. Indeed, Plaintiff is labeled as a warehouse supervisor, but she (along with her male coworkers with the same job title) spent the vast majority (>80%) of their time riding forklift trucks. Moreover, operating fork trucks is the same job duties performed by hourly employees.

21. Plaintiff and her male coworkers also loaded trucks. Their work is very physical in nature. In contrast to the physical work, Plaintiff and her male coworkers spent very little time, if any, hiring, firing, evaluating other employees or providing discipline for other employees.

22. So, over the last three years, Plaintiff, and her male coworkers that were labeled as warehouse supervisors, performed the same or similar job duties.

23. At all times relevant hereto, Plaintiff met or exceeded Defendant's performance expectations and performed as well or better than her male coworkers.

24. Plaintiff and her male coworkers had the same skill, exerted the same effort, had the same responsibility and worked under the same working conditions at the same establishment.

25. Yet, Plaintiff received unequal pay as she has been paid less than her male co-workers.

26. The discrimination in pay for Plaintiff is based solely upon her sex, female.

27. Indeed, the pay differentials Plaintiff is experiencing are not based on seniority, merit, quantity, quality of production, or a factor other than sex. Rather, the pay differentials are based solely on one thing, her being a female.

28. Plaintiff has and continues to suffer financially because of the discrimination. Indeed, Plaintiff has lost wages, pension or other retirement benefits and suffered emotionally as a result of Defendant's conduct.

## VI.
## CAUSE OF ACTION

**Violation of the EPA**

29. Plaintiff Henne incorporates the material allegations of paragraphs 1 - 28 as set forth fully herein by reference.

30. Defendant's conduct violates the EPA due to the sex-based wage discrimination between Plaintiff and her male co-workers working in the same establishment who perform jobs that require substantially equal skill, effort and responsibility under similar working conditions.

31. The foregoing conduct, as alleged, constitutes a willful violation of the EPA.

32. Plaintiff Henne will seek the Court or a jury to determine her rights pursuant to the EPA, award all damages, including but not limited to liquidated damages, and to direct Defendant to account for all back wages, pension benefits, prejudgment interests and other damages due to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, demands judgment in her favor and requests that the Court grant the following relief:

a. An Order finding Defendant liable for unpaid back wages and retirement benefits due to Plaintiff, in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An Order awarding costs and expenses of this action;

c. An Order awarding reasonable attorney fees;

d. An Order awarding pre- and post-judgment interest at the highest rates allowed by law;

e. An Order preliminarily and permanently restraining Defendant from engaging in the aforementioned EPA violations; and

f. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Lane C. Siesky*
Lane C. Siesky #21094-53
Karolina Viehe #30894-82
SIESKY & VIEHE, PC
4424 Vogel Road, Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
Facsimile: (812) 402-7744
Email: lane@sieskylaw.com
Email: karolina@sieskylaw.com
ATTORNEYS FOR PLAINTIFF

## REQUEST FOR TRIAL BY JURY

Plaintiff Henne hereby demands a trial by jury on all counts so triable.

    *s/ Lane C. Siesky*
Lane C. Siesky #21094-53
Karolina Viehe #30894-82
SIESKY & VIEHE, PC
4424 Vogel Road, Suite 305
Evansville, Indiana 47715
Telephone: (812) 402-7700
Facsimile: (812) 402-7744
Email: lane@sieskylaw.com
Email: karolina@sieskylaw.com
ATTORNEYS FOR PLAINTIFF